UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAMON WHEELER,

        Plaintiff,

-against-

Det. AHMED ARTOLA, P.O. McHUGH
HRATCH KAZANJIAN, M.D., ROBERT
A. MAGRILL, M.D., ROSE ANNA
ROANTREE, MATHEW DePASQUALE,
JENNIFER BREITENFELD, TERESA
SHAPIRO, ORANGE REGIONAL MEDICAL
CENTER, CITY OF MIDDLETOWN, ALL
IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES, AND ALL UNKNOWN
ENTITIES, JOINTLY AND SEVERALLY,

        Defendants.

---

DECLARATION

16-CV-7440 (LMS)

JURY TRIAL DEMANDED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED 05/25/17

**DAMON WHEELER** declares the following:

    I am the Plaintiff, Pro Se in this action against the above-named defendants, and I declare under the penalty of perjury that the foregoing is true and correct. N.Y.S.P.L. 210.45, Title 28 U.S.C. §1746(1):

    1. Plaintiff files this Declaration in this action brought against individual police officers and supervisors, and the City of Middletown for damages arising out of an illegal traffic stop, illegal search and seizure, aggravated assault, criminal sexual abuse, aggravated sexual abuse, aggravated sexual assault, illegal confinement, deprivation of due process of law, and conspiracy to "cover up" these crimes and civil rights and constitutional violations, which led to Obstruction of Justice and Tampering with Evidence, at the hands of Det Artola, P.O. McHugh, John Doe police officers 1-10, Jane Doe, Richard Roe, and the City of Middletown.

    2. Orange Regional Medical Center staff, Kazanjian, Magrill, Roantree, DePasquale, Breitenfeld, Shapiro, and Orange Regional Medical Center harmed plaintiff by allowing Det. Artola and P.O.

McHugh to utilize their facilities to perform an extensive and invasive procedure(s) to X-Ray and Scan Plaintiff's upper-body at the request of Det. Artola and P.O. McHugh and the City of Middletown Police Dept. (Cavity Search).

3. Plaintiff asserts that although defendants at Orange Regional Medical Center noted plaintiff's obvious facial and head injuries, defendants Orange Regional Medical Center staff failed to treat plaintiff's injuries.

4. Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, and the common law.

5. Plaintiff is a resident of New York State.

6. Defendant, City of Middletown operates and governs the City of Middletown Police Department pursuant to the laws of New York State.

7. Defendants Artola, McHugh, John Doe police officers 1-10, Kazanjian, Magrill, Roantree, DePasquale, Breitenfeld, Shapiro, are sued both in their individual and official capacities. Defendants John Doe 1-10 represent unknown police officers who unlawfully violated plaintiff's rights by assisting, aiding and abetting in the illegal traffic stop, illegal search and seizure, false arrest, and "cover up" (after the fact) by tampering with the arrest records and mugshots which show proof of physical injury at the hands of the arresting officers who neither reported these injuries of treated plaintiff's injuries.

8. Defendants Jane Doe and Richard Roe represent unknown supervisors who supervised Det. Artola, P.O. McHugh and John Doe police officers 1-10 who violated plaintiff's rights. Plaintiff intends to

find the identity of such unknown police officers and supervisors. They are sued both individually and in their official capacities. At all times pertinent hereto, defendant police officers and supervisors were employed by the City of Middletown Police Departmant.

9. At the time of the alleged incident at all times pertinent hereto, the Defendants acted under color of law, of statute, ordinance, regulation, custom, or usage.

10. Defendants Artola, McHugh, Kazanjian, Magrill Roantree, DePasquale, Breitenfeld, Shapiro, Orange Regional Medical Center and City of Middletown violated plaintiff's statutory civil rights as more fully described in the foregoing paragraphs in violation of 42 U.S.C. §1983 for which defendants are individually liable.

11. As a proximate result of the conspiracy to "cover up" the illegal traffic stop, illegal search and seizure, false arrest, criminal assault, sexual assault, illeagal cavity search, illegal confinement that took place on April 5, 2014 at the hands of Det. Artola, P.O. McHugh, John Doe police officers 1-10, Jane Doe, Richard Roe, Orange Regional Medical Center and City of Middletown, plaintiff has sustained permanent injuries and will incur medical bills and other expenses. These injuries have caused and will continue to cause plaintiff greate pain and suffering, both mental and physical.

12. The illegal traffic Stop, illegal search and seizure, false arrest, criminal assault, sexual assault illegal cavity search, illegal confinement, and attempt to conceal material evidence of criminal assault and false arrest by the above-named defendants was done with willful and wanton indifference and deliberate disregard for the constitutional rights of the plaintiff. Plaintiff is thus entitled to exemplary damages.

13. The illegal traffic stop, illegal search and siezure, false arrest, criminal assault, sexual assault, illegal cavity search, illegal confinement, and attempt to conceal material evidence of criminal assault and false by the above-named defendants was done with willful and wanton indifference and deliberate disregard for the constitutional rights of the plaintiff. Plaintiff is thus entitled to compensatory damages.

14. The acts of the above-named defendants as described in this complaint were done in bad faith, and maliciously with the intent to deter plaintiff from exercising his constitutional rights report the offense(s) committed against him, file a claim and/or seek justice, and such acts warrant the imposition of punitive damages.

15. The illegal traffic stop, illegal search and seizure, false arrest, criminal assault, sexul assault, illegal cavity search, illegal confinement, and attempt to conceal material evidence of criminal assault and false arrest by the above-named defendants violated the rights of plaintiff guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution for which defendants are individually liable.

16. The acts of Det. Artola, P.O. McHugh, John Doe police officers 1-10, Jane Doe, Richard Roe and the City of Middletown of deleting the April 5, 2014 arrest from plaintiff's Rap Sheet, deleting plaintiff's digital mugshots from that arrest which would clearly show the extent of plaintiff's injuries which he suffered as a result of this illegal traffic stop at the hands of Det. Artola, and disposing of this criminal case outside of the presence of the plaintiff, and without assigning counsel for the plaintiff, by

reducing the C.P.C.S. 3° to C.P.C.S. 7° and declaring the other charges criminal charges "Sealed" should constitute eveidence of a "cover up", violated the rights of plaintiff guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution for which defendants are individually liable.

17. It was the policy and practice of the City of Middletown to authorize certain officers, including defendants Artola, McHugh, John Doe police officers 1-10, to perform illegal traffic stops, illegal searches and seizures, make false arrest, physically and sexually assault law abiding citizens, and cover up acts of misconduct by forging arrest records and deleting arrest records to avoid civil action and/or criminal prosecution. This policy and practice of the City of Middletown encouraged and caused constitutional violations by police officers of the City of Middletown, including the violation of plaintiff's constitutional rights by defendants Artola, McHugh, John Doe police officers 1-10 described in the foregoing paragraphs.

18. At all times pertinent hereto, Defendants Jane Doe and Richard Roe, and other unknown supervisors who supervised the officers who unlawfully violated plaintiff's rights encouraged and tolerated the policies and practices described in the foregoing paragraphs. Defendants Jane Doe and Richard Roe refused to adequately train, direct, supervise, or control defendant police officers named herein so as to prevent the violation of plaintiff's constitutional rights.

19. At all times pertinent hereto, the above-named defendants were within the scope of their employment and pursuant to the aforementioned policies and practices of the City of Middletown. These polices and practices were enforced by defendants Jane Doe and Richard Roe, and were the moving force, proziment cause, or affirma-

-5-

tive link behind the conduct causing plaintiff's injury, the City of Middletown and defendants Jane Doe and Richard Roe are therefore liable for the violations of plaintiff's constitutional rights by defendants Artola, McHugh, and John Doe police officers 1-10.

20. At all times pertinent hereto, defendants Artola, McHugh, John Doe police officers 1-10, Jane Doe and Richard Roe were acting within the scope of their employment as officers of the City of Middletown Police Department.

21. The City of Middletown is liable for compensatory damages under the doctrine of respondent superior for the intentional torts of defendants Artola, McHugh, John Doe police officers 1-10, Jane Doe and Richard Roe, who committed within the scope of their employment.

22. The City of Middletown, through its agents, expressly authorized defendants Artola, McHugh, John Deo Police Officers 1-10, Jane Doe and Richard Roe to perform the illegal traffic stop that ultimately resulted in criminal assault, sexual assault, false arrest, illegal cavity search, illegal confinement, and the "cover up" that followed, knew through its agents, that the defendant officers had a propensity for committing intentional torts, making false reports, forgery, perjury, manipulation and deleting arrest records, and aquiesced in the defendant's wrongful conduct. Plaintiff is thus entitled to exemplary damages against the City of Middletown for the malicious conduct of defendant police officers.

23. The City of Middletown owed a duty to plaintiff to train and supervise and otherwise control its police in conducting traffic stops. The City of Middletown failed to provide adequate training and supervision and control of defendants Artola, McHugh, John Doe police officers 1-10, Jand Doe, Richard Roe, while failure constitutes negligence.

24. As a proximate result of the City of Middletown's negligent failure to provide adequate training, supervision and control of the above-named defendants police officers, plaintiff has sustained permanent injuries and he will incur medical bills and other expenses. These injuries have caused and sill continue to cause plaintiff pain and suffering, both mental and physical.

25. The City of Middletown's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including plaintiff. Plaintiff is thus entitled to punitive, compensatory and exemplary damages.

26. Defendants Artola, Mchugh, John Doe police officers 1-10, Jane Doe, Richard Roe, who used criminal process against plaintiff in order to intimidate and dissuade plaintiff from asserting his rights against the above-named defendants and in order to cover up their own wrong doing and to avoid civil and criminal liability for their own acts.

27. Plaintiff was entitled to medical treament upon his arrest and confinement and defendants Kazanjian, Magrill, Roantree, DePasquale, Breitenfeld, Shapiro and Orange Regional Medical Center, Artola, McHugh, Jane Doe and Richard Roe deliberately and intentionally failed promptly to provide plaintiff with such medical treament. Instead, Plaintiff was subjected to a an illegal cavity search at the request of defendant Artola and McHugh.

28. The acts of defendant Kazanjian, Magrill, Roantree, DePasquale, Breitenfeld, Shapiro and Orange Regional Medical Center to assist Det. Artola and P.O. McHugh and the City of Middletown in subjecting plaintiff to an illegal cavity search, violated the rights of plaintiff guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution for which defendants are individually

liable.

29. It was the policy and practice of Orange Regional Medical Center to authorize certain medical staff, including defendants Kazanjian, Magrill Roantree, DePasquale, Breitenfeld,and Shapiro, to assit The City of Middletown and certain police officers, including defendants Artola and McHugh, in performing illegal cavity searches. This policy and practice of Orange Regional Medical Center encouraged and caused constitutional violations by Orange Regional Medical Center staffand police officers of the City of Middletown, including the violation of plaintiff's constitutional rights by defendants Kazanjian, Magrill, Roantree, DePaaquqle, Breitenfeld, Shapiro, Artola, McHugh and the City of Middletown described in the foregoing paragraphs.

30. At all times pertinent hereto, defendants Orange Regional Medical Center, and other unkown supervisors who supervised the Orange Regional Medical Center staff who unlawfully violated plaintiff's rights encouraged and tolerated the policies and practices described in the foregoing paragraphs. Defendants Orange Regional Medical Center refused to adequately train, direct, supervise, or control defendant medical staff named herein so as to prevent the violation of plaintiff's consdirutional rights.

31. At all times pertinent hereto, the above-named defendants were within the scope of their employment and pursuant to the aforementioned policies and practices of Orange Regional Medical Center. These policies and practices were enforced by defendants Kazanjian, Magrill, Roantree, DePasquale Breitenfeld and Shapiro, and were the moving force, proximate cause or affirmative link behind the conduct causing plaintiff's unjury, Orange Regional Medical Center are therefore liable for the violations of plaintiff's constitutional rights by defendants Kazanjian, Magrill, Roantree, DePasquale,

Rreitenfeld, Shapiro, Artola McHugh and the City of Middletown.

32. At all times pertinent hereto, defendants Kazanjian, Magrill, Roantree, DePasquale, Breitenfeld were acting within the scope of their employment as medical staff of Orange Regional Medical Center.

33. Orange Regional Medical Center is liable for compensatory damages under the doctrine of respondent superior for the intentional torts of defendants Kazanjian, Magrill, Roantree, DePasquale, Breitenfeld and Shapiro, who committed within the scope of their employment.

34. Orange Regional Medical Center, through its agents, expressly authorized defendants Kazanjian, Magrill, Roantree, DePasquale, Breitenfeld and Shapiro to assist in performing illegal cavity searches for certain police officers of the City of Middletown, knew through its agents, that the defendant medical staff had a propensity for commiting intentional torts and performing illegal cavity searches and aquiesced in the defendant's wrongful conduct. Plaintiff is thus entitled to exemplary damages against Orange Regional Medical Center for the malicious conduct of defendant medical staff.

35. Orange Regional Medical Center owed a duty to plaintiff to train and supervise and otherwise control its medical staff in performing illegal cavity searches. Orange Regional Medical Center failed to provide adequate training, supervision and control of defendants Kazanjian, Magrill, Roantree, DePasquale, Breitenfeld, and Shapiro, while failure constitutes negligence.

36. As a Proximate result of Orange Regional Medical Center's negligent failure to provide adequate training, supervision and control of all the above-named medical staff, plaintiff has sustained permanent injuries and he will incur medical bills and other expenses.

These injuries have caused and will continue to cause plaintiff pain and suffering, both mental and physical.

37. Orange Regional Medical Center's failure to provide adequate training and supervision to its medical staff constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including plaintiff. Plaintiff is thus entitled to punitive, compensatory and exemplary damages.

38. As a proximate result of this illegal cavity search and denial of medical treatment, plaintiff suffered damages as aforesaid.

**WHEREFORE,** plaintiff requests that this Court enter judgement against the defendants and award the following amounts:

a. $5,000,000 punitive damages in favor of plaintiff.

b. $5,000,000 compensatory damages in favor of plaintiff.

c. $5,000.000 exemplary damages in favor of plaintiff;

d. Costs of this action, including reasonable attorney fees to the plaintiff; and

e. Such other and further relief as the court may deem appropriate.

DatedL May 19, 2017
Valhalla, New York

/s/ Damon Wheeler
Damon Wheeler #247400
Plaintiff, Pro Se
Westchester County D.O.C.
Valhalla, N.Y. 10595

Cc: Alex Smith, Esq.
Attorney for Defendants
Middletown City Hall
16 James Street
Middletown, N.Y.10940

Martin, Clearwater & Bell
Attorneys for Defendant O.R.M.C.
245 Main Street
White Plains, N.Y.10601

## AFFIDAVIT OF SERVICE BY MAIL

State of New York

                     SS:

County of Westchester

I, Damon Wheeler, being duly sworn, deposes and says: that I am the plaintiff herein and served a copy of the following document(s):
(Specify document(s) Declaration
(Name of person/Addressee) Clerk of the Court 300 Quarropas Street
(Address to which document(s) U.S. District Court S.D.N.Y.
White Plains, N.Y. 10601        (2) Two Copies (were sent)

by mailing and depositing a true and correct copy of said document(s) in a mailbox located at: (WCDOC) P.O. Box 10, Valhalla, N.Y. 10595
on the following date: May 19, 2017.

I declare under penalty of perjury that the foreging is true and correct.

DATED: May 19, 2017

                                     _Damon Wheeler_
                                     Signature of Plaintiff

Damon Wheeler #247400
Westchester County D.O.C.
P.O. Box 10
Valhalla, N.Y. 10595

May 19, 2017

Clerk of the Court
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

RE: 16-CV-7440 (LMS)

Your Honor:

    Enclosed is Plaintiff's Declaration as to Injuries and Damages, as directed by the Court on March 29, 2017. Plaintiff has properly furnished all known attorneys for defendants with a copy of this document.

    Plaintiff would also like to announce that I am still Pro Se, meaning, the Prestia Lawfirm never affirmed that they would take my case in writing. So at this point, I refuse to work with them. Because if it was up to them, I would not have made this deadline. So please disregard any Notice Of Appearance letters from the Prestia Lawfirm on my behalf.

    Thank you.

Respectfully,

*Damon Wheel* (signature)

Damon Wheeler
Plaintiff, Pro Se

